THE STATE OF TEXAS
CIVIL CITATION

CASE NO. 401-00178-2013

RECEIVED

MAR 0 5 2013

LEGAL DEPARTMENT

Joseph Bongiovanni Vs. BBVA Compass Bancshares, Inc

RECEIVED
MAR 0 5 2013
LEGAL DEPT.

In the 401st District Court

Of Collin County, Texas

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

TO: BBVA Compass Bancshares Inc
By Serving Registered Agent BS Clanton
15 S 20th Street
Birmingham AL 35296, Defendant

GREETINGS: You are commanded to appear by filing a written answer to **Plaintiff's Original Petition and Request for Disclosure** at or before ten o'clock A.M. on the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable 401st District Court of Collin County, Texas at the Courthouse of said County in McKinney, Texas.

Said Plaintiff's Petition was filed in said court, by Casey M Ransom 1825 Market Center Blvd Ste 385 Dallas TX 75207 (Attorney for Plaintiff or Plaintiffs), on January 16, 2013, in this case, numbered 401-00178-2013 on the docket of said court.

The natures of Plaintiff's demand is fully shown by a true and correct copy of **Plaintiff's Original Petition and Request for Disclosure** accompanying this citation and made a part hereof.

Issued and given under my hand and seal of said Court at McKinney, Texas, on this the 7th day of February, 2013.

ATTEST: Andrea Stroh Thompson, District Clerk
Collin County, Texas
Collin County Courthouse
2100 Bloomdale Road
McKinney, Texas 75071
972-548-4320, Metro 972-424-1460 ext. 4320

By: _____, Deputy
Traci Long

The law prohibits the Judge and the clerks from giving legal advice, so please do not seek legal advice. Any questions you have should be directed to an attorney.

EXHIBIT A

Filed
13 January 15 P5:18
Andrea Stroh Thompson
District Clerk
Collin District
a alexander

CAUSE NO. 401-00178-2013

| | | |
|---|---|---|
| JOSEPH BONGIOVANNI, | § | IN THE DISTRICT COURT |
| Plaintiff, | § § § | |
| -v- | § § | 401 JUDICIAL DISTRICT |
| BBVA COMPASS BANCSHARES, INC. d/b/a BBVA COMPASS, | § § § | |
| Defendant. | § § | OF COLLIN COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

TO THE HONORABLE DISTRICT COURT JUDGE:

NOW COMES Plaintiff, Joseph Bongiovanni, and files this, his Original Petition and Request for Disclosure, and respectfully shows the following:

### I.
### DISCOVERY CONTROL PLAN

1. Plaintiff intends that this suit be governed by Discovery Control Level Two.

### II.
### PARTIES

2. Plaintiff Joseph Bongiovanni ("Mr. Bongiovanni") is an individual who worked for Defendant and Defendant's predecessor for over 6 years at the location of 6001 Windhaven Parkway, Plano, Texas 75093.

3. Defendant BBVA Compass Bancshares, Inc. ("BBVA Compass" or "Defendant") is incorporated in the State of Alabama. BBVA Compass operates an office located at 6001 Windhaven Parkway, Plano, Texas 75093. BBVA Compass can be served by serving its Registered Agent, B S Clanton, at 15 S 20th Street, Birmingham, Alabama 35296.

### III.
### JURISDICTION AND VENUE

4.   Jurisdiction is proper because Defendant is doing business in the State of Texas, and jurisdiction would not offend traditional notions of fair play and substantial justice.

5.   Venue is appropriate because the acts giving rise to this case occurred in Collin County, specifically at 6001 Windhaven Parkway, Plano, Texas 75093.

### IV.
### FACTS

6.   Mr. Bongiovanni began working for Compass Bank, BBVA Compass's predecessor, in 2005 as Senior Vice President, Regional Manager. Mr. Bongiovanni stayed in his position as Senior Vice President for BBVA Compass when Compass Bank merged.

7.   Mr. Bongiovanni is over 40 years of age and was disabled by the serious medical conditions of cancer, a stroke, and a blood clot. Despite his disabilities, Mr. Bongiovanni was qualified for his position.

8.   Mr. Bongiovanni was an exemplary employee.

9.   In fact, Mr. Bongiovanni received numerous awards and recognitions throughout his career at BBVA Compass.

10.  Specifically, Mr. Bongiovanni was recognized by Defendant BBVA Compass in 2010 for his *five years* of service with the company.

11.  Mr. Bongiovanni never received any verbal or written discipline prior to the events of this case.

12.  Mr. Bongiovanni was diagnosed with cancer in 2010.

13.  Mr. Bongiovanni informed BBVA Compass President Kurt Lettow in November 2010 that Mr. Bongiovanni had cancer.

14. Mr. Bongiovanni had two surgeries for cancer in 2010: one in November and one in December.

15. After notifying BBVA Compass of his disability, Mr. Bongiovanni was placed on a performance improvement plan ("PIP") for the first time in his career as an employee for Defendant.

16. In January 2011, Defendant required Mr. Bongiovanni to pay company expenses out-of-pocket. Mr. Lettow refused to approve Mr. Bongiovanni's properly submitted forms for reimbursement for these company expenses.

17. On February 10, 2011, Mr. Bongiovanni emailed Human Resources with concerns about his health benefits coverage.

18. On the same day, February 10, 2011, Mr. Bongiovanni was placed on another PIP.

19. Mr. Bongiovanni took FMLA leave from February 2011 through May 2011. During that time, Mr. Bongiovanni suffered from a stroke and a blood clot, each of which required separate hospitalization.

20. While on FMLA leave, Human Resources informed Mr. Bongiovanni that he qualified for long-term disability. Defendant then revoked this qualification.

21. Defendant's stated reason for revoking Mr. Bongiovanni's long-term disability qualification was that he had not been with the company for the requisite period of time, despite having just honored him for his five years of service with the company.

22. Five years is well over the requisite period of time to qualify for long-term disability.

23. Mr. Bongiovanni returned to work in May 2011. After returning to work, Mr. Bongiovanni was treated differently. He was targeted and harassed by Mr. Lettow and was sent an email that made it clear that Defendant intended to terminate him upon his return from FMLA leave.

24. Defendant terminated Mr. Bongiovanni on February 2, 2012.

25. Defendant's stated reason for terminating Mr. Bongiovanni was performance.

26. Defendant had never terminated any similarly situated employee for similar performance.

27. Indeed, a number of similarly situated employees who had performance numbers that were *lower* than Mr. Bongiovanni's were retained.

28. Within the workplace, ageist comments were made, such as: "younger people are much more effective" and "if you can't do the job we'll get some fresh blood in here."

29. Mr. Bongiovanni dual-filed EEOC Charge No. 450-2012-01382 on February 8, 2012 with the EEOC and the Texas Workforce Commission alleging age and disability discrimination and retaliation. Mr. Bongiovanni dual-filed EEOC Charge No. 450-2012-02214 on April 3, 2012 with the EEOC and the Texas Workforce Commission alleging age and disability discrimination and retaliation. He has received a right to sue letter from the Texas Workforce Commission—Civil Rights Division.

V.
FIRST CAUSE OF ACTION: DISABILITY DISCRIMINATION

30. Mr. Bongiovanni realleges and incorporates the allegations contained in paragraphs 1-29 as if fully stated herein.

31. Defendant violated Chapter 21 of the Texas Labor Code when it discriminated against Mr. Bongiovanni because of his disability.

32. Defendant is engaged in an industry affecting commerce and had 15 or more employees during the relevant time period.

33. Mr. Bongiovanni was disabled.

34. Mr. Bongiovanni was qualified for the position as Senior Vice President.

35. Mr. Bongiovanni was discharged from his position as Senior Vice President.

36. Mr. Bongiovanni was harassed by Defendant.

37. The harassment and termination were based on Mr. Bongiovanni's disability.

38. The harassment and termination affected a term, condition, or privilege of Mr. Bongiovanni's employment.

39. Defendant should have known of the harassment and failed to take prompt remedial action. By failing to take remedial action, Defendant permitted the atmosphere of harassment and hostility to continue.

40. The unlawful employment practices complained of herein were intentional.

41. The unlawful employment practices complained of herein were done with malice or reckless indifference to the legally protected rights of Mr. Bongiovanni.

42. Because of the actions of Defendant, Mr. Bongiovanni suffered damages within the jurisdictional limits of this Court.

## VI.
## SECOND CAUSE OF ACTION: AGE DISCRIMINATION

43. Mr. Miller realleges and incorporates the allegations contained in paragraphs 1-42 as if fully stated herein.

44. Defendant violated Chapter 21 of the Texas Labor Code when it discriminated against Mr. Bongiovanni because of his age.

45. Defendant is engaged in an industry affecting commerce and had 20 or more employees during the relevant time period.

46. Mr. Bongiovanni was over the age of 40.

47. Mr. Bongiovanni was qualified for the position as Senior Vice President.

48. Mr. Bongiovanni was terminated from his position as Senior Vice President.

49. Mr. Bongiovanni was harassed by Defendant.

50. The harassment was based on Mr. Bongiovanni's age.

51. The harassment and termination affected a term, condition, or privilege of Mr. Bongiovanni's employment.

52. Defendant should have known of the harassment and failed to take prompt remedial action. By failing to take remedial action, Defendant permitted the atmosphere of harassment and hostility to continue.

53. The unlawful employment practices complained of herein were intentional.

54. The unlawful employment practices complained of herein were done with malice or reckless indifference to the legally protected rights of Mr. Bongiovanni.

55. Because of the actions of Defendant, Mr. Bongiovanni suffered damages within the jurisdictional limits of this Court.

## VII.
## THIRD CAUSE OF ACTION: RETALIATION

56. Mr. Bongiovanni realleges and incorporates the allegations contained in paragraphs 1-55 as if fully stated herein.

57. Defendant violated Chapter 21 of the Texas Labor Code when it retaliated against Mr. Bongiovanni because of his application for long-term disability.

58. Mr. Bongiovanni formally applied to Defendant for long-term disability.

59. Defendant retaliated against Mr. Bongiovanni for his application by: denying his disability qualification based on his duration of employment in contradiction with Defendant's earlier award for his 5 years of employment with Defendant; treating Mr. Bongiovanni differently; harassing Mr. Bongiovanni; and terminating Mr. Bongiovanni.

60. Because of the actions of Defendant, Mr. Bongiovanni suffered damages within the jurisdictional limits of this Court.

## VIII.
## JURY DEMAND

61. Plaintiff exercises his right to trial by jury.

## IX.
## REQUEST FOR DISCLOSURE

62. Defendants are requested to produce within 50 days of service of this document, the information and materials contained in Texas Rule of Civil Procedure 194.2.

## X.
## DAMAGES

63. Plaintiff seeks all damages allowed under the Texas Labor Code, including:

(a) Plaintiff seeks an injunction prohibiting Defendant from engaging in unlawful employment practices.

(b) Plaintiff seeks additional equitable relief as may be appropriate such as reinstatement, promotion, back pay, front pay, and court costs.

(c) Plaintiff seeks punitive damages to the extent Defendant acted with malice or reckless indifference.

(d) Plaintiff seeks compensatory damages for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary loses.

(e) Plaintiff seeks reasonable attorney's fees and costs including reasonable expert fees.

(f) Plaintiff seeks pre and post judgment interest at the maximum rate allowed by law.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that citation be issued, that Defendant be cited to appear, that upon a trial on the merits Plaintiff be awarded damages sought herein, and for such other and further relief to which Plaintiff is justly entitled.

Respectfully submitted,
ROB WILEY, P.C.

By: _____
Robert J. Wiley
Texas Bar No. 24013750
*Board Certified Specialist – Labor & Employment Law, Texas Board of Legal Specialization*
Casey M. Ransom
Texas Bar No. 24083706

ROB WILEY, P.C.
1825 Market Center Blvd., Ste. 385
Dallas, Texas 75207
Telephone: (214) 528-6500
Facsimile: (214) 528-6511
E-mail: cransom@robwiley.com

# CIVIL CASE INFORMATION SHEET

CAUSE NUMBER *(FOR CLERK USE ONLY)*: __401-00178-2013__   COURT *(FOR CLERK USE ONLY)*: __401__

STYLED __Joseph Bongiovanni v. BBVA Compass Bancshares, Inc. d/b/a BBVA Compass__
(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing. This sheet, approved by the Texas Judicial Council, is intended to collect information that will be used for statistical purposes only. It neither replaces nor supplements the filings or service of pleading or other documents as required by law or rule. The sheet does not constitute a discovery request, response, or supplementation, and it is not admissible at trial.

## 1. Contact information for person completing case information sheet:

**Name:** Casey M. Ransom
**Email:** cransom@robwiley.com
**Address:** 1825 Market Center Blvd.
**Telephone:** (214) 528-6500
**City/State/Zip:** Dallas, TX 75207
**Fax:** (214) 528-6511
**Signature:** Casey Ransom
**State Bar No:** 24083706

**Names of parties in case:**
Plaintiff(s)/Petitioner(s): Joseph Bongiovanni
Defendant(s)/Respondent(s): BBVA Compass Bancshares, Inc. d/b/a BBVA Compass

**Person or entity completing sheet is:**
☑ Attorney for Plaintiff/Petitioner
☐ Pro Se Plaintiff/Petitioner
☐ Title IV-D Agency
☐ Other:

Additional Parties in Child Support Case:
Custodial Parent:
Non-Custodial Parent:
Presumed Father:

## 2. Indicate case type, or identify the most important issue in the case (select only 1):

### Civil

**Contract**
- Debt/Contract
  - ☐ Consumer/DTPA
  - ☐ Debt/Contract
  - ☐ Fraud/Misrepresentation
  - ☐ Other Debt/Contract:
- Foreclosure
  - ☐ Home Equity—Expedited
  - ☐ Other Foreclosure
- ☐ Franchise
- ☐ Insurance
- ☐ Landlord/Tenant
- ☐ Non-Competition
- ☐ Partnership
- ☐ Other Contract:

**Injury or Damage**
- ☐ Assault/Battery
- ☐ Construction
- ☐ Defamation
- Malpractice
  - ☐ Accounting
  - ☐ Legal
  - ☐ Medical
  - ☐ Other Professional Liability:
- ☐ Motor Vehicle Accident
- ☐ Premises
- Product Liability
  - ☐ Asbestos/Silica
  - ☐ Other Product Liability
    List Product:
- ☐ Other Injury or Damage:

**Real Property**
- ☐ Eminent Domain/Condemnation
- ☐ Partition
- ☐ Quiet Title
- ☐ Trespass to Try Title
- ☐ Other Property:

**Related to Criminal Matters**
- ☐ Expunction
- ☐ Judgment Nisi
- ☐ Non-Disclosure
- ☐ Seizure/Forfeiture
- ☐ Writ of Habeas Corpus—Pre-indictment
- ☐ Other:

**Employment**
- ☑ Discrimination
- ☐ Retaliation
- ☐ Termination
- ☐ Workers' Compensation
- ☐ Other Employment:

**Other Civil**
- ☐ Administrative Appeal
- ☐ Antitrust/Unfair Competition
- ☐ Code Violations
- ☐ Foreign Judgment
- ☐ Intellectual Property
- ☐ Lawyer Discipline
- ☐ Perpetuate Testimony
- ☐ Securities/Stock
- ☐ Tortious Interference
- ☐ Other:

### Family Law

**Marriage Relationship**
- ☐ Annulment
- ☐ Declare Marriage Void
- Divorce
  - ☐ With Children
  - ☐ No Children

**Other Family Law**
- ☐ Enforce Foreign Judgment
- ☐ Habeas Corpus
- ☐ Name Change
- ☐ Protective Order
- ☐ Removal of Disabilities of Minority
- ☐ Other:

**Post-judgment Actions (non-Title IV-D)**
- ☐ Enforcement
- ☐ Modification—Custody
- ☐ Modification—Other

**Title IV-D**
- ☐ Enforcement/Modification
- ☐ Paternity
- ☐ Reciprocals (UIFSA)
- ☐ Support Order

**Parent-Child Relationship**
- ☐ Adoption/Adoption with Termination
- ☐ Child Protection
- ☐ Child Support
- ☐ Custody or Visitation
- ☐ Gestational Parenting
- ☐ Grandparent Access
- ☐ Parentage/Paternity
- ☐ Termination of Parental Rights
- ☐ Other Parent-Child:

### Tax
- ☐ Tax Appraisal
- ☐ Tax Delinquency
- ☐ Other Tax

### Probate & Mental Health
- Probate/Wills/Intestate Administration
  - ☐ Dependent Administration
  - ☐ Independent Administration
  - ☐ Other Estate Proceedings
- ☐ Guardianship—Adult
- ☐ Guardianship—Minor
- ☐ Mental Health
- ☐ Other:

## 3. Indicate procedure or remedy, if applicable (may select more than 1):
- ☐ Appeal from Municipal or Justice Court
- ☐ Arbitration-related
- ☐ Attachment
- ☐ Bill of Review
- ☐ Certiorari
- ☐ Class Action
- ☐ Declaratory Judgment
- ☐ Garnishment
- ☐ Interpleader
- ☐ License
- ☐ Mandamus
- ☐ Post-judgment
- ☐ Prejudgment Remedy
- ☐ Protective Order
- ☐ Receiver
- ☐ Sequestration
- ☐ Temporary Restraining Order/Injunction
- ☐ Turnover

CERTIFIED MAIL™

7012 1010 0000 3001 7892



ABC PROCESS SERVICE

4834 Swiss Avenue
Dallas, Texas
75204

BBVA Compass BancShares, Inc.
By Serving Registered Agent, BS Clanton
15 South 20th Street
Birmingham, AL 35296

LBZ 18

RECEIVED
MAR 05 2013
LEGAL DEPT.

RETURN RECEIPT REQUESTED



B66598.23

US POSTAGE
FIRST-CLASS
062S00848349
75221
$6.97

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

BBVA Compass Bancshares Inc.
by serving Registered Agent,
BS Clanton
15 South 20th Street
Birmingham, AL 35296

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X

☐ Agent
☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below:      ☐ No

3. Service Type
   ☒ Certified Mail    ☐ Express Mail
   ☐ Registered       ☐ Return Receipt for Merchandise
   ☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)  ☐ Yes

2. Article Number
   (Transfer from service label)

7012 1010 0000 3001 7892

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540